IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRINA FENNICK,<br><br>    Plaintiff,<br><br>v.<br><br>NSPIRE OUTREACH, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Adrina Fennick (hereinafter "Plaintiff" or "Ms. Fennick"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (hereinafter "ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant NSPIRE Outreach, Inc. (hereinafter "Defendant" or "NSPIRE") a Georgia nonprofit corporation, resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant NSPIRE is a corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant NSPIRE may be served by delivering a copy of the summons and complaint to its registered agent, Greg Kinnard, at 1305 Lakes Parkway, # 121. Lawrenceville, GA 30043.

7.

At all times relevant to this matter, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on October 22, 2013 alleging disability discrimination and failure to accommodate.

10.

Plaintiff timely amended her Charge to allege retaliatory termination on December 18, 2013.

11.

On April 5, 2016 the EEOC issued a Determination finding there is reasonable cause to conclude that Defendant discriminated against Plaintiff based on disability (including failure to accommodate) and retaliated against her in violation of the ADA.

12.

The EEOC issued a "Notice of Right to Sue (Conciliation Failure)" on July 26, 2016, entitling an action to be commenced within ninety (90) days of receipt of that notice.

13.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue (Conciliation Failure)."

## FACTUAL ALLEGATIONS

14.

Defendant NSPIRE hired Ms. Fennick as a Customer Service Representative on or about October 2012.

15.

During her employment with Defendant, Ms. Fennick was frequently placed on Defendant's "All Star" list posted on the wall because of her performance.

16.

Prior to her employment with Defendant, Ms. Fennick suffered from an injury that resulted in permanent chronic lower back pain.

17.

Ms. Fennick's injury caused a physical impairment that substantially limited her in several major life activities including but not limited to sitting, performing manual tasks, reaching, lifting, pulling, and pushing.

18.

Ms. Fennick suffers from a disability as defined by the ADA.

19.

Defendant NSPIRE perceived or regarded Ms. Fennick as suffering from a disability as defined by the ADA.

20.

Ms. Fennick's back pain was exacerbated by sitting on a hard chair at NSPIRE that re-injured her back.

21.

On more than one occasion in August and September 2013, Ms. Fennick provided her supervisor at NSPIRE, Muhammad Farooq, a doctor's letter

requesting she provided with an ergonomic chair as an accommodation of her disability.

22.

On each occasion in which Ms. Fennick requested an accommodation in the form of an ergonomic chair, Mr. Farooq refused to provide the accommodation and did not engage in any interactive process to seek any alternative accommodation.

23.

On October 22, 2013, Ms. Fennick filed a Charge of Discrimination against Defendant with the EEOC for failure to accommodate and disability discrimination.

24.

On December 18, 2013, NSPIRE provided with an Employee Warning Notice for not meeting required percentages and immediately terminated her employment.

25.

Ms. Fennick had not received any prior Employee Warning Notice for failing to meet required percentages, even though Defendant's form for Employee Warning Notices has spaces for "First Warning", "Second Warning" and "Final Warning."

26.

Although Defendant NSPIRE purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

27.

Others outside the Ms. Fennick's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I

## FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Plaintiff has a physical impairment, which limited one or more major life activities, including but not limited to sitting, performing manual tasks, reaching, lifting, pulling, and pushing.

30.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

31.

Defendant was aware of Plaintiff's disability.

32.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

33.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

34.

Plaintiff requested Defendant accommodate her disability.

35.

Upon receiving Plaintiff's request for reasonable accommodations, Defendant failed to engage in any interactive process with Plaintiff regarding her request for reasonable accommodations of her disability.

36.

Defendant refused to provide Plaintiff with a reasonable accommodation, even though to do so would not impose an undue hardship.

37.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

38.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

40.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

41.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

42.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Plaintiff has a physical impairment which limited one or more major life activities, including but not limited to performing manual tasks, reaching, lifting, pulling, and pushing.

45.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

46.

Defendant was aware of Plaintiff's disability and her request for reasonable accommodations.

47.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

48.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

49.

Plaintiff requested Defendant accommodate her disability.

50.

Plaintiff's request for a reasonable accommodation of medical leave constitutes protected conduct under the ADA, as amended.

51.

Plaintiff filed an EEOC Charge, alleging, among other things, disability discrimination and failure to accommodate on or about October 22, 2013.

52.

Defendant was aware Plaintiff filed an EEOC Charge.

53.

Plaintiff's EEOC Charge constitutes protected conduct under the ADA, as amended.

54.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her accommodation request and/or her EEOC Charge.

55.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

56.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

57.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

58.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant NSPIRE OUTREACH, Inc. has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant NSPIRE OUTREACH, Inc. from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 24th day of October, 2016.

**BARRETT & FARAHANY**
s/Benjamin A. Stark
V. Severin Roberts
Georgia Bar No. 940504
Benjamin A. Stark
Georgia Bar No. 601867
*Attorneys for Plaintiff Andrina Fennick*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 537-4177
severin@justiceatwork.com
bstark@justiceatwork.com